# Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

Wal-Mart Stores, Inc., et al.
*Plaintiff*
v.
Texas Alcoholic Beverage Commission, et al.
*Defendant*

Civil Action No. 1:15-cv-00134-RP

(If the action is pending in another district, state where: )

Delivered This 18 Day OF NOV 2015
BY [signature]
Professional Civil Process

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **GABRIEL HOLDING, LLC, THROUGH REGISTERED AGENT INEZ CINDY GABRIEL, 10903 GABRIEL'S PLACE, SAN ANTONIO, TEXAS 78217**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **SEE ATTACHED EXHIBIT A**

| Place: Vikram Swaruup, Susman Godfrey L.L.P. 1000 Louisiana, Suite 5100 Houston, TX 77002-5096 vswaruup@susmangodfrey.com (713) 651-9366 | Date and Time: December 14, 2015 at 10:00 a.m. or at a reasonable date and time agreed to by the parties. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/16/15

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*    *Vikram Swaruup*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Wal-Mart Stores, Inc., et al., who issues or requests this subpoena, are: Vikram Swaruup, Susman Godfrey L.L.P., 1000 Louisiana, Suite 5100, Houston, Texas 77002. vswaruup@susmangodfrey.com 713-651-9366.

3978782v1/014505

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:15-cv-00134-RP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 1:15-cv-00134-RP   Document 46-1   Filed 12/11/15   Page 4 of 11

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 4)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information;
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS

The following definitions and instructions apply to the document requests below:

1. The terms "You," "Your" or "Yours" shall mean, unless otherwise specified in a particular request, Gabriel Holdings, LLC, to whom this Subpoena is directed, along with Gabriel Holdings LLC's, officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or persons and organizations representing Gabriel Holdings, LLC.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. The terms "document" and "documents" include, but are not limited to, any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, and any computer-generated, computer-stored, or electronically-stored matter from which information can be obtained and translated, if necessary, into reasonably useable form.

4. The terms "concerning" and "relating to" are synonymous and mean referring to, describing, evidencing or constituting.

5. The term "package store permit" has the meaning used in the Texas Alcoholic Beverage Code.

6. The term "and/or," "or," and "and" are used inclusively, not exclusively.

7. The singular form of any word shall be interpreted as plural and the plural as singular as necessary to bring within the scope of these Requests any information or documents which might otherwise be construed to be outside their scope.

8. The term "this litigation" refers to *Wal-Mart et. al. v. Texas Alcoholic Beverage Commission et. al.*, Civil Action No. 1:15-cv-00134-RP (W.D. Tex.).

## INSTRUCTIONS

1. Each request shall apply to documents or materials in your possession, custody, or control, regardless of whether such documents or materials are possessed by you or your present or former domestic or foreign parents, subsidiaries, divisions, subdivisions, or affiliates; your predecessor and successor entities; or by any of your employees, agents, representatives, attorneys, officers, directors, consultants, lobbyists, or any other person acting or purporting to act on your behalf.

2. Responsive documents shall be produced as they have been kept in the usual course of business and shall not be shuffled or otherwise rearranged. Alternatively, You may produce responsive documents organized and labeled to correspond to the enumerated requests of this demand. If any portion of any document is responsive to any request, then the entire document must be produced. Documents that are found stapled, clipped, or otherwise fastened together shall be produced in such form. If there is no document responsive to any particular category, You shall so state in writing.

3. All metadata of electronic documents must be produced.

4. If any portion of a document is responsive to an individual document request, then the entire document shall be produced. If the document contains privileged material, produce the entire document with the privileged material redacted, noting the redactions on the face of the document.

5. If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be accompanied with instructions and all other materials

necessary to use or interpret such data.

6. All documents which cannot be legibly copied should be produced in their original form.

7. Each individual document request set forth herein shall be construed independently and not with reference to any other request for purposes of limitation unless a particular request so specifies.

8. Where specific documents are listed as part of a general category of documents, then such listed documents as well as all other documents falling within such general category shall be produced. If any responsive document is withheld under a claim of privilege, You shall furnish a list specifying each such document and setting forth the following information: (i) the date of the document; (ii) the number of pages of the document; (iii) the name and last known address of each person who prepared or participated in the preparation of the document; (iv) the name and last known address of each addressee or other person to whom the document, or any part thereof, was sent or to whom the document or its contents, or any part thereof, was disclosed; (v) a summary of the general subject matter of the document (and such other information as is necessary to identify the document such as whether the document is a letter or memorandum); (vi) a statement of the basis upon which the asserted privilege is claimed; and (vii) the individual document request herein to which the document is responsive. If no documents are withheld under a claim of privilege, so state. Any document or part of a document withheld under a claim of privilege must be preserved.

9. If any document responsive to this request once existed but has been destroyed or discarded, or is otherwise not capable of being produced, You shall furnish a list specifying each such document and setting forth the following information: (i) the date of the document; (ii) a description of the subject matter of the document; (iii) the name and last known address of each

person who prepared or participated in the preparation of the document; (iv) the name and last known address of each addressee or other person to whom the document, or any part thereof, was sent or to whom the document or its contents, or any part thereof, was disclosed; (v) the name and last known address of any person not covered by items (iii) and (iv) who had possession, custody or control of the document or a copy thereof; (vi) the date on which the document was destroyed or discarded and a statement of the reasons why the document was destroyed or discarded or why such document is not capable of being produced; and (vii) the individual document request herein to which the document is responsive.

10. This request for documents shall be deemed continuing in nature so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure in the event You become aware of, or acquire within Your possession, custody or control, additional responsive documents at any time hereafter.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show the location of each of Your stores that holds a package store permit under Texas law.

2. Documents sufficient to show the address of each of Your owners.

3. All communications between January 1, 1994 and the present from You to the Legislature, any legislator, or legislative staff member or from the Legislature, any legislator, or legislative staff member to You related to or concerning the passage of Texas Alcoholic Beverage Code §§ 22.04, 22.05, 22.06 or 22.16.

4. All communications between January 1, 1994 and the present from You to the Legislature, any legislator, or legislative staff member or from the Legislature, any legislator, or

legislative staff member to You related to or concerning any attempts to repeal, amend, or otherwise modify Texas Alcoholic Beverage Code §§ 22.04, 22.05, 22.06 or 22.16.

5. All communications between January 1, 1994 and the present from You to the Legislature, any legislator, or legislative staff member or from the Legislature, any legislator, or legislative staff member to You related to or concerning the enforcement or application of Texas Alcoholic Beverage Code §§ 22.04, 22.05, 22.06 or 22.16.

6. All communications between January 1, 1994 and the present from You to the Legislature, any legislator, or legislative staff member or from the Legislature, any legislator, or legislative staff member to You related to or concerning efforts to ensure compliance with Texas Alcoholic Beverage Code §§ 22.04, 22.05, 22.06 or 22.16.

7. All communications between January 1, 1994 and the present from You to the Texas Alcoholic Beverage Commission, its commissioners, and employees or from the Texas Alcoholic Beverage Commission, its commissioners, and employees to You related to or concerning the passage of Texas Alcoholic Beverage Code §§ 22.04, 22.05, 22.06 or 22.16.

8. All communications between January 1, 1994 and the present from You to the Texas Alcoholic Beverage Commission, its commissioners, and employees or from the Texas Alcoholic Beverage Commission, its commissioners, and employees to You related to or concerning any attempts to repeal, amend, or otherwise modify Texas Alcoholic Beverage Code §§ 22.04, 22.05, 22.06 or 22.16.

9. All communications between January 1, 1994 and the present from You to the Texas Alcoholic Beverage Commission, its commissioners, and employees or from the Texas Alcoholic Beverage Commission, its commissioners, and employees to You related to or

concerning the enforcement or application of Texas Alcoholic Beverage Code §§ 22.04, 22.05, 22.06 or 22.16.

10. All communications between January 1, 1994 and the present from You to the Texas Alcoholic Beverage Commission, its commissioners, and employees or from the Texas Alcoholic Beverage Commission, its commissioners, and employees to You related to or concerning efforts to ensure compliance with Texas Alcoholic Beverage Code §§ 22.04, 22.05, 22.06 or 22.16.

11. All documents between January 1, 1994 and the present related to campaign donations (including in-kind donations) from You to any member of the Texas Legislature.

12. All communications from You to any Texas government body, including without limitation the Texas Alcoholic Beverage Commission, the Legislature, members of the Legislature, legislative staff members, the Attorney General, and the Governor's Office, or from any Texas government body to You regarding this litigation.

13. All communications between January 1, 1994 and the present from You to any Texas government body, including without limitation the Texas Alcoholic Beverage Commission, the Legislature, members of the Legislature, legislative staff members, the Attorney General, and the Governor's Office, or from any Texas government body to You that refer or relate to the interpretation or implementation of the Commerce Clause rulings in *Cooper v. McBeath*, 11 F.3d 547 (5th Cir. 1994), *Wilson v. McBeath*, No. 90-736, 1991 WL 540043 (W.D. Tex. June 13, 1991), and *Siesta Vill. Mkt., LLC v. Perry*, 530 F. Supp. 2d 848, 868 (N.D. Tex. 2008).

14. All communications between You and any Texas government body, including without limitation the Texas Alcoholic Beverage Commission, the Legislature, members of the

Legislature, legislative staff members, the Attorney General, and the Governor's Office, regarding Wal-Mart, Sam's Club, or Quality Licensing Corporation.

15. All communications between You and any Texas government body, including without limitation the Texas Alcoholic Beverage Commission, the Legislature, members of the Legislature, legislative staff members, the Attorney General, and the Governor's Office, regarding the sale of distilled spirits by publicly traded corporations or public corporations.