IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WAL-MART STORES, INC., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | 1-15-CV-134 RP |
| | § | |
| TEXAS ALCOHOLIC BEVERAGE COMMISSION, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court are Non-Party Gabriel Holdings, LLC's Motion for Protective Order and to Quash Subpoena and for Sanctions, filed December 11, 2015 (Clerk's Dkt. #46) and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

I.

Plaintiffs Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC, Sam's East, Inc. and Quality Licensing Corp. filed this action naming as defendants the Texas Alcoholic Beverage Commission ("TABC") and its commissioners. Plaintiffs maintain the Texas regulatory scheme governing licenses for the sale of alcoholic beverages (the "Code") prevents them from obtaining the permits to sell distilled spirits[1] in Texas. They contend the application of the Code to them constitutes a violation of the Equal Protection Clause and the Commerce Clause of the United States Constitution.[2]

On November 16, 2015 counsel for Plaintiffs issued a subpoena for the production of

---

[1] Under the Code, "alcohol" is the term for all beverages containing alcohol, "liquor" is the term for alcoholic beverages in excess of four percent alcohol,. The terms "distilled spirits," "wine" and "beer" all describe types of alcoholic beverages based on their method of production. TEX. ALCO. BEV. CODE ANN. § 1.04

[2] Plaintiffs also asserted the Code violates the Privileges and Immunities Clause of the United States Constitution. By prior order the Court granted Defendants' motion to dismiss that claim.

documents to non-party Gabriel Holdings, LLC ("Gabriel"). By way of the subpoena Plaintiffs request the following categories of information: (1) the addresses of Gabriel's stores and owners; (2) communications dating back to 1994 between Gabriel and members of the Texas legislature or their staff relating to passage, amendment, repeal or enforcement of the Code; (3) campaign donations to members of the Texas legislature; (4) communications to Texas governmental officials regarding this litigation, the plaintiffs in this litigation or the sale of distilled spirits by publicly traded corporations; and (5) communications to Texas governmental officials relating to prior cases interpreting the Commerce Clause in relation to the Code.

Gabriel has now moved to quash the subpoena. In its motion Gabriel maintains the subpoena improperly: (1) imposes an undue burden as the information sought is irrelevant, overbroad and would require significant work on the part of Gabriel to locate and produce the requested documents, (2) seeks information which is available from a party to the litigation, (3) seeks confidential information; and (4) seeks information which reflects Gabriel's exercise of First Amendment rights.

II.

The test for evaluating the propriety of a subpoena is a simple one. The Federal Rules require an attorney responsible for issuing a subpoena to take reasonable steps to avoid imposing an undue burden. FED. R. CIV. P. 45(d)(1). In determining whether a subpoena subjects a non-party to an undue burden, a court considers: (1) the relevance of the requested information; (2) the party's need for the information; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the request is described; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The question of undue burden on a non-party requires a court to balance the subpoena's benefits and burdens, and "calls upon the court to consider whether the information is necessary and unavailable from any other source." *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th

Cir. 2004) (abrogated on other grounds by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)). The decision whether to grant a motion to quash under Rule 45 is within the "broad discretion" of the court. *Id*.

III.

Gabriel first argues the information Plaintiffs are seeking is not relevant to any issue in this litigation. The Court disagrees. At issue in this case is whether the Code's treatment of publicly traded corporations constitutes a violation of the Equal Protection and Commerce Clauses of the United States Constitution. Among other justifications, Defendants have contended local ownership promotes local community involvement and is thus a rational basis for any discriminatory effect. Plaintiffs' request for addresses is relevant to that issue. Plaintiffs also point out that Gabriel is an entity which was "grandfathered" from the Code's restrictions on corporate ownership which were enacted in response to a 1994 Fifth Circuit decision, and has continued to benefit from the Texas Legislature's decisions thereafter to retain those restrictions. Plaintiffs correctly maintain the bases for the Texas Legislature's actions are central to the constitutional inquiries and the burden on Plaintiffs in this case to show discriminatory motives.

Gabriel also suggests the extended time period and difficulties it faces in looking for the requested information constitute an undue burden. As Plaintiffs point out, the time period is not arbitrarily long as it is based on the timing of the Fifth Circuit decision. Further, Gabriel's support for the proposition that it faces significant difficulty in compliance is an affidavit simply stating Gabriel keeps its records in two locations and a search of the records would require the use of fork lifts and "weeks of man hours." (Mot. to Quash Ex. B ¶ 3). While the Court is not unsympathetic, it appears that Gabriel did not make any real effort to determine the difficulty it faces in attempting to comply with the subpoena prior to filing the motion to quash. The Court also notes Gabriel admits it did not confer with Wal-Mart prior to filing the motion to quash or make any effort to narrow the scope of Wal-Mart's subpoena. Gabriel's contention of undue burden is thus less than

wholly compelling.

Gabriel next argues the information Wal-Mart is seeking is available from a party to this action, namely TABC.  However, a quick review of the information sought at least partially rebuts this assertion as the information is not limited solely to Gabriel's communications with TABC.  Moreover, Wal-Mart states it has sought the material from TABC, but has discovered TABC's document retention does not cover all of its requests.

Gabriel further argues the request for addresses, in the case of individuals, may be confidential information.  As Gabriel admits, this confidentiality concern is readily addressed by a protective order.  Wal-Mart states it is willing to give such documents a "confidential" designation under the Protective Order already in place.  This factor does not, therefore, weigh in Gabriel's favor.

Gabriel finally contends the information sought reflects Gabriel's exercise of First Amendment rights to petition the government and to engage in free speech.  Gabriel suggests production of the requested documents would have an improper chilling effect.  As Wal-Mart points out, Gabriel provides no legal citation for its suggestion that the First Amendment would confer a privilege protection to such documents.  Nor does Gabriel explain the basis for contending communications with public agencies and officials should be considered privileged or confidential.  Accordingly, this argument is unavailing.

Upon consideration of the foregoing factors, the Court does not find that the discovery sought by Wal-Mart imposes an undue burden on Gabriel.

IV.

Accordingly, Non-Party Gabriel Holdings, LLC's Motion for Protective Order and to Quash

Subpoena and for Sanctions (Clerk's Dkt. #46) is hereby **DENIED**.

**SIGNED** on January 21, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE