IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WAL-MART STORES, INC., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | 1-15-CV-134 RP |
| | § | |
| TEXAS ALCOHOLIC BEVERAGE | § | |
| COMMISSION, ET AL., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court are Gabriel Investment Group, Inc.'s Motion to Intervene, filed February 19, 2016 (Clerk's Dkt. #65) and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

Plaintiffs Wal-Mart Stores, Inc. ("Wal-Mart"), Wal-Mart Stores Texas, LLC, Sam's East, Inc. and Quality Licensing Corp. filed this action on February 12, 2015 naming as defendants the Texas Alcoholic Beverage Commission ("TABC") and its commissioners. Wal-Mart is a publicly traded corporation which owns and operates retail stores in Texas, in part through its wholly-owned subsidiaries, the other three plaintiffs in this action. Wal-Mart sells wine, beer or both in its stores. Wal-Mart sells distilled spirits in other states, and would like to do so in Texas. However, the Texas regulatory scheme governing licenses for the sale of alcoholic beverages (the "Code") prevents Wal-Mart from obtaining the permits required to do so, which Wal-Mart contends is a violation of the Equal Protection Clause, the Commerce Clause and the Privileges and Immunities Clause of the United States Constitution.[1]

The Code grants to the TABC the authority to issue a variety of permits for the sale of

---

[1] Under the Code, "alcohol" is the term for all beverages containing alcohol, "liquor" is the term for alcoholic beverages in excess of four percent alcohol,. The terms "distilled spirits," "wine" and "beer" all describe types of alcoholic beverages based on their method of production. TEX. ALCO BEV. CODE ANN. § 1.04

alcohol. *See* TEX. ALCO. BEV. CODE ANN. § 5.31(b)(5) (authorizing TABC to "ensure a consistent, predictable, and timely licensing and permitting process" under the Code). The holder of a package store permit may sell all types of alcoholic beverages, including distilled spirits. *Id*. § 22.01. A "public corporation," defined as publicly traded corporations or those with more than thirty-five shareholders, is prohibited from holding a package store permit. *Id*. § 22.16. The public corporation prohibition does not apply to either a package store located in a hotel or to holders of permits issued before April 1995. *Id*. According to Wal-Mart, the intent of the public corporation prohibition is to favor Texas residents over non-residents.

Wal-Mart additionally alleges the Code's discriminatory purpose and effect are evidenced by its limits on package store permits. The Code provides that no "person" may hold or have an interest in more than five package store permits. TEX. ALCO. BEV. CODE ANN. § 22.04(a).[2] However, the Code provides an exemption for "persons related within the first degree of consanguinity" to consolidate the package store businesses into a single legal entity. *Id*. § 22.05. According to Wal-Mart, this provision allows blood relatives to continually acquire licenses, consolidate them into a single private entity, transfer ownership of the private entity to one family member, and then repeat the process.

Finally, Plaintiffs allege the Code restricts package store permit holders from also owning interest in wine and beer retailer's permit. *Id*. § 22.06. However, the Code does not limit a holder of a license to sell only beer or a permit to sell only wine from also holding a package store permit. Wal-Mart characterizes this as an irrational distinction among retailers engaged in the same businesses serves no valid governmental purpose.

Gabriel Investment Group, Inc. ("Gabriel") has now filed a motion to intervene in this

---

[2] The Code defines a "person" as "a natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant, or employee of any of them." TEX. ALCO. BEV. CODE ANN. § 1.04 (6).

2

litigation. According to Gabriel, it is the sole public corporation "grandfathered" from the TABC regulation prohibiting public corporations from holding package store permits. Gabriel contends, because Wal-Mart is challenging the constitutionality of the "grandfathering" of Gabriel's package store permit, its livelihood, goodwill and reputation are at issue in this action. Gabriel thus maintains it should be permitted to intervene in this litigation to protect its interests.

## II. LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure sets forth two forms of intervention. As to the first, intervention by right, a court "must permit anyone to intervene" who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a).[3] The Fifth Circuit requires a prospective intervenor to establish the following four requirements:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007).

As to the second, permissive intervention, a court "may permit a court to allow anyone to intervene" who "has a claim or defense that shares with the main action a common question of law or fact" as long as the intervention does not "unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b). *See also Heaton v. Monogram Credit Card Bank of*

---

[3] Rule 24 also recognizes intervention may be mandated by a federal statute. Gabriel does not seek intervention on that basis.

*Georgia*, 297 F.3d 416, 422 (5th Cir. 2002) ("[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained").  The decision to permit or deny intervention is "wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."  *Bush v. Viterna,* 740 F.2d 350, 359 (5th Cir. 1984).

### III.  ANALYSIS

Gabriel seeks to intervene in this action, arguing it has met the requirements of either intervention by right or permissive intervention.  Plaintiffs disagree on both points.  Specifically, Plaintiffs contend Gabriel has not shown intervention as of right is warranted because Gabriel has not shown an interest that the law deems worthy of protection, but rather an economic preference, and has not shown that the existing defendants are not adequately representing any interest Gabriel has in this litigation.  Plaintiffs also maintain Gabriel's failure to seek to intervene in a timely fashion should act to bar its attempt to intervene.  Because the Court finds Gabriel has failed to show it timely sought intervention, the Court will limit its consideration to that argument.

As an initial matter, and as recognized by the parties in their briefing, the Texas Package Stores Association ("TPSA") sought leave to intervene in this action by motion filed on November 18, 2015.  By order dated December 22, 2015, the Court denied the motion.  In so doing, the Court concluded TPSA had failed to show it had timely sought to intervene and further found permitting intervention at that date would prejudice the parties and cause undue delay.  Gabriel nonetheless suggests its motion to intervene, filed nearly two months after the Court denied TPSA permission to intervene, is timely.

Gabriel correctly points out that the timeliness "analysis is contextual; absolute measures of timeliness should be ignored."  *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).  Thus, in determining whether a motion to intervene is timely the court looks to four factors: (1) the length of time the intervenor knew or should have known of his interest; (2) prejudice to the existing

parties resulting from the intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if his application for intervention is denied; and (4) the existence of unusual circumstances. *Trans Chem. Ltd. v. China Nat'l Machinery Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003). In essence, then, the inquiry as to timeliness largely overlaps the inquiry as to whether intervention will cause delay or prejudice.

Gabriel contends the timeliness inquiry should be measured not from the date it knew of this action, but rather when its stake in the lawsuit "materialized, and thus, when it knew or reasonably should have known of its stake." *John Doe No. 1 v. Glickinan*, 256 F.3d 371, 377 (5th Cir. 2001). According to Gabriel, a stake "materializes" only when the intervening party discovers that its interests are not otherwise represented in the ongoing action, in this case, when the TPSA's motion to intervene was denied.

This argument fails for several reasons. First, as the Court pointed out in denying TPSA's motion, representation of a parties' interest is presumed to be adequate when a governmental agency is defending that interest. *See Texas*, 805 F.3d at 661 (presumption of adequate representation arises "when the putative representative is a governmental body or officer charged by law with representing the interests of the intervenor"); *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012) (public entity must normally be presumed to represent interest of its citizens and to mount good faith defense of its laws). Second, Gabriel's reliance on the ability of TPSA to represent its interests was unfounded. TPSA was never permitted to represent those interests and Gabriel has not explained why it acted reasonably in believing it could rely on TPSA to represent its interests. Finally, TPSA itself delayed some nine months before seeking leave to intervene, and Gabriel waited an additional two months after TPSA was denied leave to seek to intervene. The Court thus finds Gabriel did not act in a timely fashion in seeking to intervene.

Gabriel also suggests that Wal-Mart would not suffer any prejudice should it be permitted to intervene at this late date. As the Court pointed out in its order denying TPSA leave to intervene,

5

the deadlines currently in place suggest otherwise. The deadline for ccompletion of discovery is April 18, 2016 and the deadline for filing dispositive motions is April 22, 2016. Gabriel maintains those deadlines would not be impacted as Wal-Mart has sought, and been permitted to obtain, discovery from Gabriel.

However, Gabriel also admits it will seek discovery from Wal-Mart. Although it suggests it "will not need a tremendous amount of information from Wal-Mart," as the Court has commented previously, experience suggests engaging in the discovery process may well result in delay, and will certainly require the parties already in this action to expend additional resources. Moreover, Wal-Mart argues participation by Gabriel would require it to alter its litigation strategy which is currently based on responses to interrogatories asking the bases for Defendants' contentions that the challenged statutes pass constitutional muster. Accordingly, the Court concludes Gabriel has failed to show intervention is warranted. *See City of New Orleans*, 540 F. App'x at 381 (noting abuse of discretion is "a tough standard to meet," and concluding district court did not do so in denying intervention on the basis that allowing intervention would unduly delay proceedings and would not significantly assist court).

## IV.  CONCLUSION

Accordingly, the Court hereby **DENIES** Gabriel Investment Group, Inc.'s Motion to Intervene (Clerk's Dkt. #65).

**SIGNED** on March 15, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE