IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WAL-MART STORES, INC., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | 1-15-CV-134 RP |
| | § | |
| TEXAS ALCOHOLIC BEVERAGE | § | |
| COMMISSION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER</u>**

Before the Court are the Gabriel Investment Group, Inc.'s Motion to Stay Proceeding Pending Interlocutory Appeal, filed April 12, 2016 (Clerk's Dkt. #117) and Plaintiffs' Response to the Gabriel Investment Group, Inc.'s Motion to Stay Proceeding Pending Interlocutory Appeal, filed April 19, 2016 (Clerk's Dkt. #131).

By way of the motion, putative intervenor Gabriel Investment Group, Inc. requests a stay of this action pending resolution of its interlocutory appeal of the Court's order denying it permission to intervene in this action. For the following reasons, the Court finds the motion should be denied.

I.

Plaintiffs Wal-Mart Stores, Inc. ("Wal-Mart"), Wal-Mart Stores Texas, LLC, Sam's East, Inc. and Quality Licensing Corp. filed this action on February 12, 2015 naming as defendants the Texas Alcoholic Beverage Commission ("TABC") and its commissioners. By way of this suit, Plaintiffs challenge the Texas regulatory scheme governing licenses for the sale of alcoholic beverages (the "Code"). Wal-Mart contends the Code prevents it, as a publicly traded corporation, from selling distilled spirits in its retail stores in a manner which violates Wal-Mart's constitutional rights.

Gabriel Investment Group, Inc. ("Gabriel") moved to intervene in this litigation on February 19, 2016. Gabriel describes itself as the sole public corporation "grandfathered" from the TABC

regulation prohibiting public corporations from holding package store permits.  In moving to intervene, Gabriel argued that, because Wal-Mart is challenging the constitutionality of the "grandfathering" of Gabriel's package store permit, its livelihood, goodwill and reputation are at issue in this action and contended it should be permitted to intervene in this litigation to protect that interest.

By order dated March 15, 2016, the Court denied Gabriel leave to intervene.  On April 12, 2016, Gabriel filed a notice of interlocutory appeal.  On the same date, Gabriel filed the instant motion, asking the Court to stay this case pending resolution of its interlocutory appeal.

## II.

A court considers four factors in deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013) (quoting *Nken v. Holder*, 556 U.S. 418, 425–26 (2009)).

## III.

As to the first factor, Gabriel suggests it is likely to succeed on appeal because the Court erred in concluding it should not be permitted to intervene.  Gabriel does not, however, proffer any argument in support of that conclusion beyond the arguments it offered in support of intervention. In the order denying intervention, the Court rejected Gabriel's request to intervene for a number of reasons, and also noted Texas Package Store Association's earlier request to intervene was denied for many of the same reasons.  Among those reasons was the conclusion that Gabriel failed to act timely by waiting over one full year from the filing of this action before moving to intervene. Additionally, the Court found Gabriel had not shown the named defendant state officials were not sufficient to adequately represent its asserted interest in this case.  *See Texas v. United States*,

2

805 F.3d 653, 661 (5th Cir. 2015) (presumption of adequate representation arises "when the putative representative is a governmental body or officer charged by law with representing the interests of the intervenor"); *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012) (public entity must normally be presumed to represent interest of its citizens and to mount good faith defense of its laws).   The Court thus concludes Gabriel has not shown it is likely to succeed on appeal.

As to the second factor, Gabriel contends it will suffer irreparable harm because the Fifth Circuit may not rule on its interlocutory appeal until after the resolution of dispositive motions or trial in this case and it will thus be denied any opportunity to intervene.  This may well be so.  However, Gabriel is not left with its interests wholly unrepresented.  Unquestionably, the interests of Gabriel and the current defendants are well aligned.  Moreover, as Wal-Mart points out, Gabriel can seek to participate as an amicus in this action.

As to the third factor, Gabriel contends a stay of this action would not cause any harm to Wal-Mart.  Gabriel suggests that the fact that Wal-Mart opened its first store in Texas forty years before filing this action rebuts Plaintiff's contention that it is suffering an ongoing injury which merits prompt remediation.  Gabriel also points to recent brief extensions to the discovery deadlines as evidence that the ongoing injury is not as severe as Wal-Mart contends.  But, as Wal-Mart notes, the recent extensions are brief, and did not effect the trial date.  Regardless of those matters, the Court has little trouble agreeing with Wal-Mart's contention that the delay which would result in staying this action pending resolution of Gabriel's interlocutory appeal would be prejudicial to Wal-Mart's interests in voiding the statutory scheme which limits its ability to sell distilled spirits in Texas.

As to the fourth factor, Gabriel contends a stay will serve the public interest by preventing a rapid increase in the number of package stores in Texas, thus "protect[ing] the public from a state awash in alcohol."  (Mot. to Stay at 8).  Wal-Mart counters that the public interest is best served by expeditiously determining whether Texas's statutory scheme for regulating the sales of alcoholic

3

beverages violates the Constitution.[1]  At best, the Court finds this factor neutral.

IV.

In sum, the Court finds the factors do not weigh in favor of granting Gabriel's request to stay this litigation.  Accordingly, the Court hereby **DENIES** Gabriel Investment Group, Inc.'s Motion to Stay Proceeding Pending Interlocutory Appeal (Clerk's Dkt. #117).

**SIGNED** on April 21, 2016.


ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] Wal-Mart also points out that Gabriel's assertion is the same argument proffered by the defendants in this case in support of the challenged regulatory scheme, thus further evidencing the weakness in Gabriel's suggestion that its participation by way of intervention is necessary.