IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WAL-MART STORES, INC., et al. § | |
| § | |
| v. § | A-15-CV-134-RP |
| § | |
| TEXAS ALCOHOLIC BEVERAGE § | |
| COMMISSION, et al. § | |

## ORDER

Before the Court are Plaintiffs' Motion to Compel TABC to Produce Permit Applications (Dkt. No. 168); Defendants' Response in Opposition (Dkt. No. 173); and Plaintiffs' Reply (Dkt. No. 176). The District Court referred the above-motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules. The Court held a hearing on the motions on February 7, 2017.

### I. BACKGROUND

Wal-mart and three of its subsidiaries challenge the constitutionality of TEX. ALCO. BEV. CODE §§ 22.04, 22.05, 22.06, and 22.16, contending that the statutes violate both the Equal Protection Clause and the Dormant Commerce Clause. The statutes regulate grants of permits to make retail sales of distilled spirits by limiting the number of permits a person may own and the types of companies which may own them. Wal-mart argues that the statutes unconstitutionally discriminate against out-of-state companies in both effect and purpose. Importantly for the current dispute, Plaintiffs argue that §§ 22.05 and 22.16 discriminate against out of state companies by allowing unincorporated companies to bypass the five permit limit by consolidating package store permits obtained by blood relatives.

In this motion, Wal-mart requests the Court to compel the Texas Alcoholic Beverage Commission (TABC) to produce the original package store permit applications for the ten largest package stores, as well as the consolidation applications and materials for any permit consolidated into these package stores. Wal-mart argues that the production of these materials is relevant to proving that the two provisions have a discriminatory purpose or effect on out-of-state companies. TABC objects to the production on a number of bases: (1) the consolidation applications are not relevant to Wal-mart's claims; (2) the request is duplicative of Wal-mart's other requests and not proportional to the needs of the litigation; (3) the request is overly burdensome; and (4) the documents sought implicate highly sensitive information.

## II. ANALYSIS

A party may discover "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b). Discovery outside of this scope is not permitted. *Id.* at (b)(2)(C)(iii). Information "need not be admissible in evidence to be discoverable." *Id.* at (b)(1). Further, the recent amendments to Rule 26 require that discovery be:

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* Wal-mart argues that the documents are relevant to show that the effect and purpose of the laws were discriminatory and to rebut the TABC's post hoc justifications for the statutes. TABC responds that nothing in the permit or consolidation applications would be relevant to a facial constitutional challenge. Further, TABC argues that the burden of producing the documents outweighs any probative value they may have. TABC states that there are 511 discrete files that together equal over

2

68,000 pages. The way the documents are stored (as images) makes it difficult to search for responsive documents; TABC would have to manually review each of these files to pull out any non-responsive or privileged documents. Wal-mart disagrees, arguing first that TABC overstates the burden, and second, that the argument is moot as Wal-mart has offered to take on the burden.

First, the Court finds the documents are in fact relevant to the issue of the alleged discriminatory effect and purpose of the statute. At the hearing, Wal-mart asserted that the use of a blood relative to acquire the package store permit is a "straw purchaser arrangement," and thus the permits are relevant to rebut the allegedly rational bases TABC has offered for the statutes. The Court agrees; whether the TABC knows when it issues a permit that the permit will be consolidated into one of the ten largest package stores is potentially relevant to Wal-mart's claims. However, Request for Production 29, as written, may be overbroad as it asks for any documents "reflecting or related to any consolidation." At the hearing, Wal-mart appeared to narrow the request to only the consolidation applications and affidavits, excluding other documents that might be "related" to a consolidation.[1] Construed as so limited, the request is not overbroad. Therefore, to this extent, the documents requested are relevant to Wal-mart's claims.

Second, the Court disagrees that the burden of production outweighs the documents' relevance. In the Court's view, TABC has overstated the burden of production. TABC argues that because the files are stored as non-optimized images, they are not word-searchable. It contends that

---

[1]Specifically, Wal-mart stated at the hearing that the documents it sought were the "actual applications and the affidavits that accompany the applications." The evidence at the hearing indicated that applications range between 10-20 pages, and the affidavit is a single page. Wal-mart argues that these documents should be relatively simple to pull out of the permit files. Moreover, Wal-mart stated that, based on what it has been told by TABC, the consolidation and permit applications should be at the very beginning of each file.

as a result of this it would take two employees, working forty hours a week, six to eight weeks to review, redact, and produce the responsive documents. This appears to be an overstatement, however, and the work needed to review the files for responsive documents is significantly mitigated by the limitation noted above. Additionally, as noted at the outset of this hearing (as well as at the previous discovery hearing before the undersigned), the sheer number of attorneys who have made appearances in the case, and the time and effort they are spending on it, is a persuasive demonstration of the importance of the issues at stake here, the value of the case, and the amount of resources the parties have available to them. Therefore, the burden of producing these documents does not outweigh their relevancy, and the discovery is proportional to the needs of the case.[2]

Finally, TABC argues that the documents should not be produced because they include highly sensitive information that should not be disclosed. Specifically, TABC notes that the applications include social security numbers, dates of birth, bank account or tax ID numbers, and in some cases divorce decrees. This is not a valid basis to prohibit the discovery. Information of this sort is routinely produced in civil cases, and this case is no exception. The potentially sensitive information included in the applications can be redacted if necessary, and the protective order in place should be sufficient to address these concerns.

---

[2]As noted at the outset, in an attempt to mitigate the work TABC contended it would take to respond to the requests, Wal-mart had offered to bear the cost of having independent attorneys in its counsel's firm, who would be "walled off" from counsel of record, review and identify responsive documents in permit files. TABC has objected to this, arguing that the confidential nature of the documents and the possibility of the files containing privileged records, makes this approach inappropriate. Whether TABC wishes to take Wal-mart up on its offer is a decision best left to TABC.

### III.  ORDER

The Court therefore **GRANTS** Plaintiffs' Motion to Compel (Dkt. No. 168) in accordance with the discussion above, and the TABC shall produce the responsive documents by April 14, 2017.

SIGNED this 16th day of March, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE