# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| WAL-MART STORES, INC., et al. | § | |
| --- | --- | --- |
| | § | |
| v. | § | A-15-CV-134-RP |
| | § | |
| TEXAS ALCOHOLIC BEVERAGE | § | |
| COMMISSION, et al. | § | |

## ORDER

Before the Court are The Texas Package Stores Association's Challenge to Objections and Motion to Compel Production (Dkt. No. 179); Wal-Mart's Response (Dkt. No. 184) and TPSA's Reply (Dkt. No. 190). The District Court referred the above-motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules. The Court held a hearing on the motions on February 7, 2017.

## I. GENERAL BACKGROUND

In this suit Wal-Mart and three of its subsidiaries are challenging the constitutionality Texas statutes regulating the retail sale of liquor, contending that the statutes violate the Equal Protection and Dormant Commerce Clauses of the U.S. Constitution. The statutes regulate grants of permits to make retail sales of distilled spirits by limiting the number of permits a person may own and the types of companies which may own them. Plaintiffs argue that the ban on public corporations, as well as the consanguinity consolidation provision of the statutes unconstitutionally discriminate against out-of-state companies in both effect and purpose.

The Texas Package Stores Association (TPSA), an intervenor in this case, brings this motion to challenge objections made by Wal-Mart to TPSA's requests for production, and to compel Wal-Mart to produce responsive documents. There are five categories of requests in TPSA's motion: (1)

Requests for Production (RFP's) 1-13, which ask for communications to Texas governmental entities, including the Texas Legislature, TABC, and the Governor; (2) RFP's 14-15, which request communications with other public corporations regarding this litigation; (3) RFP's 16-33, which request documents "relating to" select statements made by Wal-Mart's expert; (4) RFP's 34-36, which request documents relating to Wal-Mart's proposed business plans in Texas; and (5) RFP's 41-43, which request documents relating to Wal-Mart's claims about the statutes at issue. For each of these requests, TPSA asks the Court to overrule Wal-Mart's objections.

## II. ANALYSIS

There was quite a bit of confusion at the hearing about precisely what relief TPSA is requesting in this motion. TPSA states that it is merely requesting the Court to overrule objections made by Wal-Mart to each of the requests for production. In fact, TPSA noted that this motion is *solely* about objections. It explained that after the Court overrules Wal-Mart's objections to the requests, Wal-Mart will be under "compulsion" to produce responsive documents, and any disagreements about the actual production could be addressed at that time. In TPSA's words, it is concerned that Wal-Mart is "holding a bombshell" because of one or more of the objections, and requested that the Court simply overrule all of the objections en masse.

The cause of the confusion is not one-sided, however. Much of the confusion comes from Wal-Mart's overabundance of caution in responding under the new discovery rules, which now require that when a party makes an objection, it also state whether it is withholding any documents subject to that objection. In every one of its responses to TPSA's requests, Wal-Mart has leveled one or more objection, and in each instance it states that it is withholding documents pursuant to that objection. TPSA was therefore concerned that there are identified, responsive documents sitting on

Wal-Mart's counsel's desk that have not been produced, any of which may be a "bombshell." The Court attempted to get clarity on this point in an exchange with Wal-Mart's counsel, Mr. Kelso:

> THE COURT: With regard to the statements in your responses, Mr. Kelso, that—uh—documents are being withheld based on the objections, are there identified documents, like you were describing theoretically of the stack A and stack B, or is it simply a theoretical—there's probably documents out there that could theoretically be responsive to a request for anything related to predatory pricing, we are not looking for them, and—there's probably documents out there that are responsive—so that is what's being withheld?
>
> MR. KELSO: My understanding is that it is purely theoretical. It's a requirement of the new versions of the rules to say—to include a statement if you are withholding documents based on an objection.
>
> THE COURT: But there is not an identified document that you are withholding?
>
> MR. KELSO: That is my understanding. Not based on the objections.
>
> THE COURT: Okay.
>
> MR. KELSO: And Judge, I'll say on this point, we will stand in front of Judge Pitman or you or whoever if there is some critical document that's responsive to these requests that hit upon our search terms, if we propose that we decide to withhold, I'm sure the Court is able to deal with us.
>
> * * *
>
> THE COURT: On all the other requests, or most of them, you have done some form of search, you've produced some documents?
>
> MR. KELSO: Correct.
>
> THE COURT: And to the extent there is still an objection that you're lodging, it's basically that if there's anything else here that you think is responsive to your request than what we've identified and produced, we think it's too broad, or too vague, and we haven't produced that. This is what we've done.
>
> MR. KELSO: Yes—that—I think I understand you, Judge. That's correct.

Digital recording of February 7, 2017 hearing at 1:28:03 to 1:30:10. According to the above discussion, the objection that Wal-Mart was withholding documents—except with regard to the few requests discussed below—was the result of Wal-Mart's understanding that it was required to make

that statement even if it had not actually identified any responsive documents.  While such a statement is perhaps literally compliant with the new rule, it is likely not truly what the rule is aiming for.

This is best understood with an example.  In RFP 16, TPSA requests Wal-Mart to produce documents "relating to any allegation that [Wal-Mart] ha[s] engaged in predatory pricing." Dkt. No. 179-1 at 9.  Wal-Mart's response to this request states:

> Wal-Mart objects to this request as overbroad, unduly burdensome, vague and ambiguous as to "any allegation that you have engaged in predatory pricing," not relevant to any party's claim or defense, disproportional to the needs of the case, and privileged under the attorney client and work product doctrines. Wal-Mart further objects to TPSA's definition of "document" because that definition includes some electronically stored information ("ESI") that is not reasonably accessible and would be unduly burdensome to retrieve and produce. *Wal-Mart is withholding documents based on these objections.*
>
> Wal-Mart will not produce any additional documents in response to this request for production

*Id.* at 21 (emphasis added).  As became apparent from the argument at the hearing, it is Wal-Mart's view that the request is too broad and of such marginal relevance to even merit a search by Wal-Mart to find responsive documents.  Having said that, it is also its view that there are likely to be responsive documents somewhere in its many offices and on its computer network, and that some of these documents would likely be privileged attorney client communications or work product.  Thus, it stated that it was "withholding documents based on these objections."  While that may technically be accurate, it is not what the new rules were after in adding the requirement in Rule 34(b)(2)(C) that "an objection must state whether any responsive materials are being withheld on the basis of the objection."  A more helpful response would have been something along the lines of "Based on these objections, Wal-Mart has not conducted a search for responsive documents, and

while it is likely that some responsive documents may exist, Wal-Mart has not identified any such document, and is not withholding any identified document as a result of these objections."

Because TPSA was focused almost entirely on Wal-Mart's statement that it was withholding documents, on the vast majority of Wal-Mart's objections TPSA does not join issue with Wal-Mart. For most of the RFPs, Wal-Mart responded that it had already collected and produced documents in response to similar requests from the TABC, based on agreed upon search parameters, and would produce the same documents to TPSA. Further, Wal-Mart stated that it would conduct an additional limited search of additional document sources, but would otherwise not search further. TPSA failed to state in its briefs, or at the hearing, what it believed was deficient with this response. In fact, when asked at the hearing, TPSA was unable to point to a single additional document that would be responsive to its requests it believed had not already been produced. Despite this, TPSA continued to maintain that overruling Plaintiffs' objections would solve this discovery dispute.

Based on the above, the Court concludes that, for RFPs for which Plaintiffs have produced documents consistent with identified search terms (RFP's 1-4, 10-13, 17-36, and 41-43) TPSA's motion to compel will be **DENIED**.[1] This leaves the requests on which Wal-Mart has not performed any searches (RFP's 5-9, 14-16), which the Court discusses in more detail below.

A.   **RFP's 5-9**

First, RFP's 5-8 seek all communications between Wal-Mart and the TABC relating to the challenged statutes. Wal-Mart has refused to produce any responsive documents for each of these requests, based on the fact that in this Court's October 11, 2016 order, it found communications with the TPSA and the TABC—aside from those relating to the consolidation provision—were irrelevant

---

[1] In doing so, the Court makes no determinations on the validity of Plaintiffs' objections to these requests; the Court only denies TPSA's motion to overrule the objections en masse.

to the litigation. Dkt. No. 153 at 17. The Court sustains this objection, and in accordance with its previous order, the Court **DENIES** the TPSA's motion as to RFP's 5-8.[2]

RFP 9 requests evidence of all of Plaintiffs' campaign donations. As the Court held in the previous order, this request would be relevant. However, the Court also limited production "to the extent that the [party] kept such records in a centralized manner" and that it has a "database or something similar, reflecting its historical contributions from which it can easily create or print a list of the contributions for production." Dkt. No. 153 at 19. Plaintiffs note that they have done a search for a responsive database, but have been unable to find one. The Court therefore **SUSTAINS** this objection.

**B.     RFP's 14-15**

RFP's 14-15 seek communications between Wal-Mart and any other public corporations regarding this lawsuit or its claims in this lawsuit. Wal-Mart argues that the requests are irrelevant, and notes in its responses that it has not done a search for responsive documents. TPSA, at the hearing, attempted to illustrate why these documents were relevant—it noted that communications between Wal-Mart and other public corporations that undermine Wal-Mart's claims "may be out there," such as a declaration by Wal-Mart that the Texas liquor laws have a rational basis. TPSA also contended that there may be another corporation that called the lawsuit a "loser"—or something similar—in communications to Wal-Mart. These arguments are unpersuasive. First, a request for such documents smacks of the very sort of "fishing expedition" the Federal Rules long ago prohibited. Further, even if such statements existed, they would be irrelevant to a facial challenge

---

[2]To the extent that the objections in RFP's 10-13 (which also include requests for communications to the TABC, among other governmental organizations) rely on this Court's prior order, this objection is also SUSTAINED.

to the statutes at issue here. At best, they would amount to impeachment material for any Wal-Mart representative testifying as to the merits of Wal-Mart's claims. Moreover, the likelihood any such communications exist—regardless of whether the statements are relevant—is so minuscule as to vastly outweigh the burden on Wal-Mart to search for and produce such documents. The Court therefore **DENIES** the TPSA's motion as to RFP's 14-15.

**C.    RFP 16**

RFP 16 requests all documents and communications "relating to any allegation that [Plaintiffs] have engaged in predatory pricing." TPSA notes that in his expert report, Wal-Mart expert Kenneth Elzinga stated that "Wal-Mart's business model, in the sale of alcohol as well as across the company's entire product line, is not one characterized by excessive discounting or predatory pricing." Dkt. No. 179-1 at 65. TPSA contends that these statements make relevant the documents sought by RFP 16, as they are needed to test Elzinga's statement. Wal-Mart argues that the request is overbroad and irrelevant, and as such has not performed any searches or produced any responsive documents. The Court agrees that this request, even if relevant, is vastly overbroad. As noted at the hearing, the expert has already provided all of the documents he relied on in making his determinations. TPSA has therefore had more than an adequate opportunity to discover the basis of his assertions. Requiring Plaintiffs to search for potentially responsive documents not relied on by the expert—which is the alleged basis for the request—is not sufficiently tailored. As noted by the Court at the hearing, this request would have been better framed as an interrogatory; as a request for production, it is overbroad to what is necessary in this case. The Court therefore **DENIES** TPSA's motion as to RFP 16.

In sum, the Court **DENIES** TPSA's Challenge to Objections and Motion to Compel Production (Dkt. No. 179) in its entirety.

SIGNED this 10th day of April, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE