IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WAL-MART STORES, INC., *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> TEXAS ALCOHOLIC BEVERAGE <br> COMMISSION, *et al.*, <br> *Defendants*, <br><br> and <br><br> TEXAS PACKAGE STORES <br> ASSOCIATION, <br> *Intervenor*. | § § § § § § § § § § § § § § § | Civil Action No. 1:15-cv-00134-RP |

### THE TEXAS PACKAGE STORES ASSOCIATION'S
### UNOPPOSED MOTION TO STAY JUDGMENT PENDING APPEAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Intervenor, the Texas Package Stores Association (the "TPSA"), and files this Unopposed Motion to Stay Judgment Pending Appeal, and would respectfully show the Court as follows.

1.  By its March 20, 2018 final judgment, this Court permanently enjoined the Texas Alcoholic Beverage Commission (the "TABC") from enforcing sections 22.04, 22.05, and 22.16 of the Texas Alcoholic Beverage Code. *See* Dkt. No. 334. The Court also provisionally stayed its judgment for a period of sixty days to allow the parties to seek a stay for the duration of a forthcoming appeal. *See id.* The TPSA requests the Court stay the effect of its judgment in this case for the duration of the parties' appeal and until judgment in this cause is final and unappealable.

2.      The impact of the Court's judgment in this case is immense. It affects decades of established Texas law that has produced an economic and regulatory environment upon which tens of thousands, if not millions, of Texas citizens depend. The Court's judgment, if upheld on appeal, will dramatically alter the Texas liquor market and the entities that will be able to survive in that market. With a decision of such magnitude, it will serve the interests of justice for the Court to stay its judgment pending the full review of the decision and give the appellate courts the opportunity to weigh in on the matter. At a minimum, there are a number of this Court's constitutional conclusions upon which reasonable minds might differ, and if they do, the Court's judgment might not ultimately stand. In such an event, imposing the immediate costs on the Texas liquor market, liquor market participants, and potential new liquor market entrants that will result from the Court's judgment while the case is reviewed on appeal will do more harm than simply allowing the judicial process to be completed before such dramatic change is implemented. No party to this proceeding is suggesting that there is an immediate need for the Court's judgment to be implemented pending appeal.[1] Indeed, this case has already been pending for over three years. The additional time needed for appellate review will not substantially impact any entity that will benefit from the Court's judgment. In addition, upending the entire Texas liquor market, and then possibly having to put it back in place, has much more potential for harm than allowing the judicial process to be completed. The TPSA respectfully requests this Court, in the interest of justice and to avoid the problems that would inevitably occur should the appellate courts differ with this Court's view, stay its judgment in this matter to allow the parties to complete appellate review.

3.      As a legal matter, this Court is to consider four factors in deciding whether to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that it is

---

[1] The TPSA requests the Court take notice of the fact that Wal-Mart does not oppose a stay in this case.

likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). Each of these factors weighs in favor of this Court's staying its judgment pending the parties' appeal.

4. First, an appeal may well be likely to be successful on the merits. In holding section 22.16 unconstitutional, this Court, first, relied on its finding that the Texas Legislature in 1995 had an intent to discriminate against out-of-state entities. In doing so, the Court held contrary to the governing Fifth Circuit authority regarding what constitutes competent legislative history for such purposes—and the legal consequences thereof. *See Veasey v. Abbott*, 830 F.3d 216 (5th Cir. 2016); *Allstate Ins. Co. v. Abbott*, 495 F.3d 151 (5th Cir. 2007); *Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074 (5th Cir. 1980). This Court, second, subjected section 22.16 to a *Pike* balancing test. However, the Court's *Pike* analysis is contrary to governing law and the evidentiary record, as well as the requirement to presume the statute is valid. *See Int'l Truck & Engine Corp. v. Bray*, 372 F.3d 717 (5th Cir. 2004); *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493 (5th Cir. 2001). If the Fifth Circuit reverses this Court's judgment on section 22.16, the remainder of the judgment will also be reversed, because Wal-Mart has no standing to challenge the constitutionality of sections 22.04 or 22.05 unless it is an entity that can apply for a Texas liquor permit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

5. Even if the judgment were affirmed with respect to section 22.16, the Court's injunction against sections 22.04 and 22.05 may well be likely to be reversed. In holding section 22.05 unconstitutional, this Court applied a unique rational basis test that differs from the governing rational basis test and entered findings of fact that do not have proper support from the

evidentiary record.  Regarding section 22.04, this Court may well have erred by enjoining the enforcement of a statute that the Court found to be constitutional.  The TPSA intends to seek a reversal of this Court's judgment under governing law.  *See* Dkt. Nos. 314, 323.

6. Second, there will be irreparable harm without a stay of judgment pending a full review on appeal.[2]  The TPSA's members' livelihoods depend upon the fair statutory framework established by the Texas Legislature that has been in place for decades, which would be overturned by this Court's judgment.  Wal-Mart, alone, is the largest retailer of wine and beer in Texas.  This Court's judgment will open the door for Wal-Mart to also become the largest retailer of liquor in Texas.  There are currently about 2,500 package stores in Texas.  Wal-Mart hopes to increase this number by placing a package store at each of its 546 stores in Texas—more than 20 percent of the current statewide market.  This is in addition to the inevitable market entry of other large corporations operating in Texas, such as Target, Walgreens, and grocery store chains.  Indeed, on the interlocutory appeal in this case, the Fifth Circuit correctly observed that the TPSA is "threatened not with a minor change but with the threatened end of their viability."  *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 568 n.6 (5th Cir. 2016).  The TPSA's members should not be faced with the inevitable economic effects of hundreds of new enormous, corporate entrants into the retail liquor market when such market entry may ultimately, many months or possibly years later, be determined to be invalid and contrary to Texas law.  The result would be the irreparable closing of stores and loss of business enterprise by certain TPSA members while the case is on appeal.

7. Third, a stay of proceedings will not substantially injure any parties to the proceeding.  Certainly a stay will be of no detriment to the TABC or to the TPSA.  Moreover,

---

[2] In addition, when a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws.  *See Planned Parenthood*, 734 F.3d at 419.

Wal-Mart has indicated it is unopposed to the stay. Indeed, the liquor statutes at issue have been Texas law since the 1930s, when Prohibition was repealed, with the most recent addition to that statutory scheme being over two decades ago in 1995. There is, therefore, no immediate or emergency need for the statutes to be overturned prior to the Fifth Circuit's weighing in on the matter, particularly when the challenged statutes are critical, longstanding components of the State's statutory framework for retail sales of distilled spirits. The potential harm to the TPSA—and the public—from this Court's denying a request for a stay vastly outweighs any potential economic harm that large corporate entities such as Wal-Mart might suffer from the grant of a stay. Indeed, based on these same facts, the Fifth Circuit granted the TPSA's motion to stay during its interlocutory appeal. *See* Order, No. 16-50041 (5th Cir. May 4, 2016).

8.   Fourth, the public interest lies in maintaining the status quo during the pendency of the parties' appeal. As this Court has found, the statutes enjoined by the Court operate to lower per capita liquor consumption. *See* Dkt. No. 333 ¶ 105. This Court's judgment—a constitutional result about which the Fifth Circuit could well differ—ought not, by itself, upend long-established Texas liquor market conditions, increase liquor outlets and availability, and increase liquor consumption across the State—thus increasing "liquor-related externalities"—until the appellate courts have had a chance to fully review and weigh in on their view of the appropriate constitutional analysis to be applied in this case.

WHEREFORE, PREMISES CONSIDERED, Intervenor Texas Package Stores Association respectfully requests this Court grant this Unopposed Motion to Stay and stay the enforcement of its judgment in this action until such time as the parties' appeals of the judgment are final and the judgment in this cause is no longer appealable, and for such other and further relief to which the Texas Package Stores Association may be entitled.

Respectfully submitted,

By: /s/ G. Alan Waldrop

G. Alan Waldrop
State Bar No. 20685700
Ryan D. V. Greene
State Bar No. 24012730
TERRILL & WALDROP
810 West 10th Street
Austin, Texas 78701
(512) 982-9950
(512) 474-9888 (Facsimile)
awaldrop@terrillwaldrop.com
rgreene@terrillwaldrop.com

ATTORNEYS FOR TEXAS PACKAGE STORES
ASSOCIATION

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the TPSA has conferred with counsel for Plaintiffs and Defendants regarding this motion. Counsel for Plaintiffs indicated that they were unopposed to this motion, and counsel for Defendants indicated that they were also unopposed to this motion.

/s/ G. Alan Waldrop
G. Alan Waldrop

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorney(s) and/or parties of record, via the CM/ECF service and/or via electronic mail.

Neal Manne
Alex Kaplan
Chanler Langham
Michael C. Kelso
Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
nmanne@susmangodfrey.com
akaplan@susmangodfrey.com
clangham@susmangodfrey.com
mkelso@susmangodfrey.com

Mark T. Mitchell
Frederick W. Sultan
Gardere Wynne Sewell LLP
One American Center
600 Congress Avenue
Austin, TX 78701
mmitchell@gardere.com
fsultan@gardere.com

Steven M. Shepard
Susman Godfrey LLP
560 Lexington Avenue, Fifteenth Floor
New York, NY 10022-6828
sshepard@susmangodfrey.com

*COUNSEL FOR PLAINTIFFS*

Adam N. Bitter
Matthew Bohuslav
Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
adam.bitter@texasattorneygeneral.gov
matthew.bohuslav@texasattorneygeneral.gov

*COUNSEL FOR DEFENDANTS*

/s/ G. Alan Waldrop
G. Alan Waldrop